■ BARBARA UZIELLI, Respondent-Appellant. v L. JOHN ACHENBACH, II, Appellant-Respondent.—Order, Supreme Court, New York County, entered October 26, 1977, which awarded the plaintiff child support, arrearage payments, medical reimbursement and counsel fees in the sum of $5,000, modified, on the law and the facts and in the exercise of discretion, to reduce counsel fees to $3,500, and otherwise affirmed, without costs or disbursements. Among other things, this was an action for child support arrearage and for upward modification of support payments. With respect to the arrearages, counsel fee in the amount of $3,500 was requested, and we believe that same should have been awarded. With respect to the cause of action for upward modification, the plaintiff was unsuccessful and it is not pursued on the cross appeal, and with respect to that cause, $7,500 was sought as counsel fee. The court awarded an unallocated $5,000 in counsel fees, and we believe that award was excessive to the extent indicated. With respect to the reimbursement, a provision in the separation agreement covered medical reimbursement for the wife under a policy that the husband had through his employer. In the agreement was the following language: "(b) The Husband shall be obligated to pay all medical expenses of the Wife and the Children to the extent such medical expenses are covered by medical insurance now maintained by him in full force and effect. In the event the Husband changes employment, he will use his best efforts to secure substantially similar medical insurance and keep the same in full force and effect to the best of his ability." The separation agreement was incorporated but not merged in the divorce granted the plaintiff. Both parties have remarried. When the husband remarried, under the insurance policy his current wife substituted for his previous wife. She sues for medical expenses for the period of time when she was, therefore, not covered, and prior to the time of her own remarriage. The issue is whether the husband breached the provisions of the agreement as set forth as to her reimbursement. The majority of this court, with Judge Kupferman dissenting, would interpret that language to mean that the husband had a duty to maintain coverage for the plaintiff and therefore affirm the determination to that effect by the trial court. The dissent is to the effect that the husband was in exact compliance with the letter of the agreement provision, and if the plaintiff was to be covered regardless of remarriage by the husband (a natural event), the agreement should have so stated. Concur—Birns, Lane and Silverman, JJ.

Kupferman, J. P., dissents in part and would deny medical reimbursement.